FILED
FEBRUARY 23, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DONALD RAY MCCONNELL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-045 |
| § | |
| RICK THALER, § | |
| Director, Texas Dep't of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On February 18, 2010,[1] petitioner, DONALD RAY MCCONNELL, a state prisoner confined in the Hightower Unit in Liberty County, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner advises he is confined pursuant to a February 10, 1992 conviction out of Randall County for the offense of sexual assault the resultant eighteen-year sentence. Because this Court finds petitioner is time barred from asserting his claims, the undersigned recommends McConnell's petition be DISMISSED.

### I.
### PETITIONER'S ALLEGATIONS

In his petition, petitioner alleges his 1992 conviction was unlawful because:

1. The prosecutor deliberately withheld favorable evidence in the form of the true identity and long criminal history of the complainant.

2. Petitioner received ineffective assistance of counsel because his attorney failed to adequately investigate by not meeting with a man who had information about the complainant's real identity and criminal history.

---

[1] Even though the petition was received and file marked by this Court on February 22, 2010, petitioner's petition is deemed filed on February 18, 2010, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

3. Petitioner's received ineffective assistance of counsel because his attorney failed to adequately investigate by testing biological evidence from the complainant against petitioner.

4. Petitioner's guilty plea was "unlawfully induced."

## II.
## TIME LIMITATIONS

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). Those provisions are as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Even though petitioner's judgment became final in 1992, before the effective date of the AEDPA, the Fifth Circuit has held that the AEDPA's time limitations retroactively apply. *See Fisher*, 174 F.3d at 712. Under the retroactive application of the AEDPA, a prisoner whose conviction became final before AEDPA's effective date had one year after the passage of the AEDPA to file a habeas claim in

federal court challenging that conviction. *Id.* (citing *Flanagan v. Johnson*, 154 F.3d 196, 200 n. 2 (5th Cir. 1998)). This time period can be tolled, however, if any properly filed state post-conviction proceedings are pending. *Id.*

According to the Court of Criminal Appeals's website and the exhibits attached to McConnell's petition, petitioner did not file any post-conviction proceeding relating to the Randall County conviction until January 2009, when he filed his state habeas corpus application. Because tolling is inapplicable, petitioner would have had to file his section 2254 petition on or before April 24, 1997. *See id.* This case is petitioner's first federal habeas corpus action based on the 1992 Randall County conviction, and it was filed with this Court in February 2010, more than ten years after its deadline. Accordingly, this Court finds petitioner's application for habeas corpus time barred.

## III.
## RECOMMENDATION

Petitioner is time barred by more than a decade from asserting the instant petition. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DONALD RAY MCCONNELL be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of February, 2010.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).